**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDY DEAN, SR., | ) | CASE NO. 5:26-cv-1967 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| OFFICER JAKE RAPP, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## I. BACKGROUND

*Pro se* plaintiff Randy Dean, Sr. ("Dean") filed this action against defendant, Brimfield Police Officer Jake W. Rapp ("Officer Rapp"), asserting a "violation of civil rights" under 42 U.S.C. § 1983 and "discrimination" under the Americans with Disabilities Act ("ADA"). (Doc. No. 1 (Complaint), at 3.) The statement of claim is brief and provides, in full:

> Officer Jack Rapp was very aggressive toward me in all of the interactions [in] Mr. Pizzate[‘s] case[.] I called the Brimfield Police because Mr. Pizzate came onto my property drunk and screaming at me [and] Officer Rapp was going to arrest me for damage done on the property line. Then he said I was faking my disabilities [and] using the system.

(*Id*. at 4.)

Dean also filed an application to proceed *in forma pauperis*. (Doc. No. 2.) Dean's application is granted.

## II. STANDARD OF REVIEW AND DISCUSSION

*Pro se* complaints are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted). But the liberal treatment generally accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks and citation omitted)).

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive a dismissal for failure to state a claim, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief against the defendant that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). To meet basic pleading requirements, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677–78 (quoting Fed. R. Civ. P. 8(a)(2)). To survive dismissal for failure to state a claim, the complaint must set forth allegations

sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, a complaint's allegations must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

Dean's complaint warrants dismissal for failure to state a claim pursuant to § 1915(e)(2)(B). The allegations set forth in the present complaint are so unclear or conclusory that they fail to meet basic federal notice pleading requirements or suggest a plausible claim against Officer Rapp under either § 1983 or the ADA. *See, e.g., Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

To state a claim under § 1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (citations omitted). Dean's complaint does not identify any specific right secured by the Constitution that he contends Officer Rapp violated, nor are his allegations sufficient to support a plausible inference that he experienced a constitutional-rights violation.[1]

As for Dean's ADA claim, to establish a *prima facie* case of discrimination under the ADA, a plaintiff must show that he is an individual with a disability and was subjected to discrimination by, or excluded from or denied the benefits of, a public entity "because of [his] disability."

[1] In the section of the complaint reserved for a discussion of the requested relief, Dean alleges that "[h]e searched my house without a warrant & deemed it to be torn down & said that to me." (Doc. No. 1, at 4.) While a warrantless search can form the basis of a claim under § 1983, *see, e.g., Thomas v. Plummer*, 489 F. App'x 116, 120 & n.5 (6th Cir. 2012), Dean offers no factual allegations that would support such a claim. *See Lillard*, 76 F.3d at 726 ("[C]onclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983." (citation omitted)).

*Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). Dean's complaint does not allege facts sufficient to make this showing. His sole, unclear assertion that Officer Rapp "said [Dean] was faking [his] disabilities [and] using the system" is insufficient to state an ADA claim. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 612–13 (6th Cir. 2012) ("A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." (citing *Iqbal*, 556 U.S. at 679).

Finally, the Court takes notice that this is the eighth case Dean has filed in the Northern District of Ohio in a matter of weeks. *See Dean v. Portage Cnty. Probation Dep't*, No. 5:26-cv-1791 (N.D. Ohio) (filed July 30, 2026) (dismissed Aug. 28, 2026) (Adams, J.); *Dean v. Brimfield Police Dep't.*, No. 5:26-cv-1841 (N.D. Ohio) (filed Aug. 5, 2026) (Adams, J.); *Dean v. Brimfield Police Dep't*, No. 5:26-cv-1842 (N.D. Ohio) (filed Aug. 5, 2026) (dismissed Sept. 4, 2026) (Adams, J.); *Dean v. Portage Cnty. Bldg. Dep't*, No. 5:26-cv-1875, (N.D. Ohio) (filed Aug. 10, 2026) (dismissed Sept. 17, 2026) (Adams, J.); *Dean v. Cook*, No. 5:26-cv-1901 (N.D. Ohio) (filed Aug. 12, 2026) (dismissed Sept. 4, 2026) (Pearson, J.); *Dean v. Silver*, No. 5:26-cv-2071 (N.D. Ohio) (filed Aug. 27, 2026) (dismissed Oct. 1, 2026) (Lioi, J.); *Dean v. Doherty*, No. 5:26-cv-2001 (N.D. Ohio) (filed Aug. 21, 2026) (dismissed Sept. 30, 2026) (Pearson, J.). All of these cases are similar to the present matter: each case attacks various Portage County Judges, officials, and/or agencies, using equally limited factual allegations. To date, six of these cases have been dismissed on initial screening. *See supra*. Dean is cautioned that if he continues to file repetitive or frivolous cases in this Court, the Court may impose sanctions such as restricting him from proceeding *in forma pauperis* or enjoining him from filing any new action without first seeking and obtaining leave of court.

## III. CONCLUSION

For the foregoing reasons, Dean's application to proceed *in forma pauperis* (Doc. No. 2) in this case is granted, and his complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

**IT IS SO ORDERED**.

Dated: October 1, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**